**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTOINE W. HARRIS, | Case No.: 3:19-cv-00049-RCJ-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF Nos. 17, 19 |
| UNITED STATES OF AMERICA, et. al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant the United States of America's Motion to Dismiss. (ECF No. 17.) Plaintiff filed a response. (ECF No. 20.) The United States filed a reply. (ECF No. 22.)

Also before the court is Plaintiff's Motion for Leave to File an Amended Complaint and Proposed Second Amended Complaint (SAC). (ECF Nos. 19, 19-1.) The United States filed a response. (ECF No. 21.) Plaintiff did not file a reply.

After a thorough review, it is recommended that the United States' motion to dismiss be granted; Plaintiff's motion for leave to amend be denied; and, that the First Amended Complaint (FAC) be dismissed, but that Plaintiff be given 90 days file a motion for leave to amend or file a properly supported motion for the issuance of a Rule 45 subpoena to ascertain the identities of the Doe U.S. Marshals.

1

## I. BACKGROUND

2   Plaintiff is currently an inmate in the custody of the Federal Correctional Institution

3 Victorville; however, his action concerns events that took place while he was a federal pretrial

4 detainee in the custody of the United States Marshal's Service (USMS) and housed at the

5 Washoe County Detention Facility (WCDF) awaiting sentencing following the entry of a guilty

6 plea to federal criminal charges. *See United States v. Antoine Harris*, Case No. 3:17-cr-82-

7 MMD-CLB.

8   Plaintiff's FAC alleges that he has multiple sclerosis (MS), which requires daily treatment

9 to keep it under control. He avers that the U.S. Marshals knew about his serious medical needs

10 but failed to respond. His neurologist prescribed him a treatment called Gilenya to treat his MS,

11 but for three months they refused to provide and/or fund the treatment because it costs $7,000 for

12 a 30-day supply. He has lesions in his brain and spine, and claims the treatment would help keep

13 the lesions from spreading and would help with his pain. (ECF No. 3.)

14   The court screened Plaintiff's FAC, and interpreted it as asserting a Fifth Amendment

15 claim for inadequate medical care under *Bivens v. Six Unknown Named Agents of Federal*

16 *Bureau of Narcotics,* 403 U.S. 388 (1971), against the Doe U.S. Marshals who chose to detain

17 Plaintiff without providing him with his MS medication. Plaintiff was allowed to proceed with

18 this claim when he learns the identities of the Doe U.S. Marshals. (ECF No. 7 at 4-5.) The court

19 noted that the use of "Doe" to identify a defendant is not favored; however, flexibility is allowed

20 in some cases where the identity of the parties will not be known prior to filing a complaint, but

21 can subsequently be determined through discovery, citing *Gillespie v. Civiletti*, 629 F.2d 637,

22 642 (9th Cir. 1980). (*Id*. at 5, n. 2.)

23

1   Plaintiff was not allowed to sue the United States under *Bivens*. The court did, however,

2   allow Plaintiff to proceed with a Federal Tort Claims Act, 28 U.S.C. § 1346, *et. seq.* (FTCA)

3   claim against the United States based on the alleged actions of the Doe U.S. Marshals. (*Id.* at 5-

4   6.)

5   The United States moves to dismiss the FTCA claim pursuant to Federal Rule of Civil

6   Procedure 12(b)(1)—lack of subject matter jurisdiction—arguing that Plaintiff does not allege

7   compliance with, and in fact has not complied with the FTCA's requirement that the

8   administrative tort claim be presented to the pertinent federal agency and be denied before

9   bringing an action under the FTCA. (ECF No. 17.)

10   Plaintiff has filed a motion for leave to amend and proposed SAC, because he

11   inadvertently left the Doe U.S. Marshals off of the list of defendants in the FAC, and he seeks to

12   add the USMS as a party. (ECF No. 19.)

13   **II. DISCUSSION**

14   **A. Motion to Dismiss**

15   Federal Rule of Civil Procedure 12 allows a party to bring a motion to assert the defense

16   of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

17   "The FTCA … waives the United States' sovereign immunity for tort actions and vests

18   the federal district courts with exclusive jurisdiction over suits arising from the negligence of

19   government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir.

20   2017) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)).

21   The FTCA provides:

22          An action shall not be instituted upon a claim against the United
               States for money damages for injury or loss of property or personal
23          injury or death caused by the negligent or wrongful act or omission
               of any employee of the Government …, unless the claimant shall

3

1                      have first presented the claim to the appropriate Federal agency
and his claim shall have been finally denied by the agency in
2                      writing and sent by certified or registered mail.

3   28 U.S.C. § 2675(a).

4        Thus, "[b]efore a plaintiff can file an FTCA action in federal court [ ], he must exhaust

5   the administrative remedies for his claim." *D.L.*, 858 F.3d at 1244 (citing 28 U.S.C. § 2675(a)).

6        The United States is correct that presenting the administrative claim to the appropriate

7   federal agency is a jurisdictional prerequisite to filing suit under the FTCA. *See Cadwalder v.*

8   *United States*, 45 F.3d 297, 300-301 (9th Cir. 1995); *Jerves v. United States*, 966 F.2d 517, 521

9   (9th Cir. 1992). The FTCA requires "complete exhaustion of administrative remedies before

10   invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). This

11   jurisdictional prerequisite cannot be waived. *See D.L.,* 858 F.3d at 1244 (citing *Jerves,* 966 F.2d

12   at 519). Where an action does not comply with the administrative exhaustion requirement, it

13   must be dismissed. *McNeil*, 508 U.S. at 112-13; *Jerves*, 966 F.2d at 519.

14        Here, Plaintiff does not allege that he presented his claim to the applicable federal

15   agency. The United States provides a declaration from Associate General Counsel for the USMS,

16   Kelly L. McDonald, who oversees administrative tort claims received by the office. Kelly

17   McDonald declares that a search was performed of available administrative claims records and

18   no claim was presented to the USMS by or on behalf of Plaintiff. (ECF No. 17-1.) Importantly,

19   Plaintiff's response to the motion to dismiss admits that he did not in fact present his claim to the

20   federal agency before filing suit.

21        Therefore, the FTCA claim should be dismissed. The dismissal should be without

22   prejudice such that Plaintiff may file a new lawsuit asserting the FTCA claim after he has

23   exhausted his administrative remedies.

**B. Motion to Amend**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Plaintiff has also moved to file a SAC, stating that the FAC inadvertently left the Doe U.S. Marshals off of the list of defendants, and he also seeks to add the USMS as a defendant.

The court agrees with the United States that amendment would be futile.

First, the proposed SAC still includes the United States a defendant, even though the court has recommended that the United States be dismissed because Plaintiff has not exhausted his administrative remedies as to the FTCA claim.

Second, the USMS is not a proper defendant under either the FTCA or *Bivens*. The United States is the only proper defendant in an action under the FTCA, and such an action cannot be maintained against a federal agency or federal employee. *Allen v. Veteran's Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984). A *Bivens* action cannot be asserted against the United States or a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

1    For these reasons, amendment would be futile and Plaintiff's motion to amend should be

2  denied insofar as the proposed SAC names the United States and the USMS.

3    What remains is Plaintiff's Fifth Amendment medical care claim against the Doe U.S.

4  Marshals under *Bivens.* In its filings, the United States argues that the FAC does not actually

5  include the Doe U.S. Marshals as defendants. Plaintiff acknowledges that he inadvertently left

6  the Doe U.S. Marshals off of the list of defendants in the FAC. Therefore, he seeks to add them

7  as defendants in the proposed SAC.

8    In the screening order on the FAC, the court allowed Plaintiff to proceed with the Fifth

9  Amendment *Bivens* claim once Plaintiff identified the Doe defendants, noting that Plaintiff might

10  learn of the Doe defendants' identity during discovery. At that time, the case was also proceeding

11  against the United States, and was a party upon which Plaintiff could propound discovery and

12  possibly ascertain the identities of the Doe defendants. The court has now recommended that the

13  United States be dismissed, and that the motion to add the USMS as a party be denied.

14  Therefore, as it stands in the FAC, and even if the court granted Plaintiff leave to amend only to

15  include a claim against the Doe U.S. Marshals in the SAC, there is no party for Plaintiff to

16  propound discovery on to ascertain the identities of the Doe defendants.

17    Since Plaintiff concedes that the FAC inadvertently omitted the Doe U.S. Marshals as

18  defendants, the remainder of the FAC should be dismissed. Plaintiff's motion to file the SAC

19  with respect to the U.S. Marshals and the Fifth Amendment *Bivens* claim should be denied;

20  however, Plaintiff should be given 90 days to file a motion for leave to amend and proposed

21  amended complaint that identifies the Doe U.S. Marshals OR file a motion for the issuance of a

22  subpoena under Rule 45 of the Federal Rules of Civil Procedure.

23

1    To be clear, Plaintiff may conduct whatever informal investigation he is able given his

2   incarcerated status to try to determine the identities of the Doe defendants. If he still is unable to

3   ascertain their identities, he may file a properly supported and complete motion for the court to

4   issue a Rule 45 subpoena duces tecum.

5    If Plaintiff files a motion for leave to amend and proposed amended complaint, he should

6   be advised that the amended complaint supersedes the original and all prior complaints, and so

7   the amended complaint must be complete in and of itself. Plaintiff may not include parties or

8   claims that have already been dismissed. In any amended complaint, Plaintiff must allege facts

9   sufficient to show a connection between the alleged constitutional violation and each defendant.

10    If Plaintiff decides to file a motion for a Rule 45 subpoena, he must attach a copy of his

11   proposed Rule 45 subpoena(s) to his motion. The motion must clearly identify the agency,

12   company, entity or person that is the target of the subpoena, and must also clearly identify the

13   documents that would have the information he is seeking. Plaintiff is directed to carefully review

14   Rule 45 of the Federal Rules of Civil Procedure before filing such a motion. Plaintiff is also

15   advised that he bears the burden of having the subpoena issued and served, including any

16   associated expense.

17    If Plaintiff has not moved to amend or moved for the issuance of a Rule 45 subpoena

18   within 90 days, this action will be dismissed and the case will be closed.

19                      **III. RECOMMENDATION**

20    IT IS HEREBY RECOMMENDED that the District Judge enter an order:

21   (1) **GRANTING** the United States' Motion to Dismiss (ECF No. 17) and **DISMISSING** the

22   FTCA claim **WITHOUT PREJUDICE**;

23   (2) **DENYING** Plaintiff's Motion for Leave to Amend (ECF No. 19); and

(3) **DISMISSING** the FAC (ECF No. 3), but giving Plaintiff **90 days** from the date of this order to file a motion for leave to amend and proposed amended complaint OR file a properly supported and complete motion for the court to issue a Rule 45 subpoena duces tecum.

If Plaintiff files a motion for leave to amend and proposed amended complaint, he should be advised that the amended complaint supersedes the original and all prior complaints, and so the amended complaint must be complete in and of itself. Plaintiff may not include parties or claims that have already been dismissed. In any amended complaint, Plaintiff must allege facts sufficient to show a connection between the alleged constitutional violation and each defendant.

If Plaintiff decides to file a motion for a Rule 45 subpoena, he should be advised that he must attach a copy of his proposed Rule 45 subpoena(s) to his motion. The motion must clearly identify the agency, company, entity or person that is the target of the subpoena, and must also clearly identify the documents that would have the information he is seeking. Plaintiff should be directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion. Plaintiff should also be advised that he bears the burden of having the subpoena issued and served, including any associated expense.

Plaintiff should be cautioned that if he does not move to amend or file a motion for issuance of a Rule 45 subpoena within 90 days, his action will be dismissed and this case will be closed.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 7, 2021

_William G. Cobb_
William G. Cobb
United States Magistrate Judge

9